CITY OF PATERSON, PROSECUTOR, v. JAMES BAKER ET AL., CONSTITUTING THE STATE BOARD OF TAXES AND ASSESSMENT ET AL., RESPONDENTS.

Submitted May 13, 1927—Decided November 11, 1927.

Taxes and Assessment—Property Assessed by Local Assessors— Appeal to County Board, Where Assessment was Reduced— Appeal by Municipality to State Board—City Presented Evidence of Value to Sustain Original Assessment—State Board Ignored This Evidence and Affirmed County Board's Assessment—Held, Error of State Board, the Testimony Should be Considered—Assessment Set Aside and Case Remanded to State Board for Rehearing.

On writ of *certiorari*.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Benjamin J. Spitz*.

For the respondents, *David G. Smith*.

PER CURIAM.

This case is presented to this court on a writ of *certiorari* obtained by the city of Paterson to review the action of the state board of taxes and assessment with reference to the valuation for assessment purposes of property in the city of Paterson known as Nos. 183 and 185 Market street. In October, 1925, the assessors of the city of Paterson assessed the property for assessment for taxation for the year 1926

at the valuation of $112,000 for the land, and $35,000 for the improvements. The owners appealed to the Passaic county board of taxation. The county board reduced the assessment to $90,000 on the land and $25,000 on the buildings. The city of Paterson then took an appeal to the state board of taxes and assessment.

The city contended that the true value of the property was $112,000 for the land and $35,000 for the improvements as originally assessed by the city assessors. The record discloses that the state board sat at the court house in Paterson on November 5th, 1926, for the determination of this appeal. The city assumed the burden of proving the value of the property. It first called as a witness Francis Boyle, an assessor of the city of Paterson. He testified as to the amount of the assessment for the year 1926 fixed by the city assessors. Upon cross-examination by counsel for the owners he stated that the property had been assessed at $2,000 a front foot and that this assessment was based on the valuation of surrounding property. He further testified that he arrived at this valuation by reason of sales on the block in which the property was located. He testified with reference to other sales of which he had knowledge and which were factors in his determination that $2,000 a front foot was the proper assessment to make upon the property in question.

The city then called Frank W. Furrey, who had been in the real estate business for thirty-two years. He testified that he knew the values of properties in the neighborhood of the property in question. He gave an opinion that the value of the land was, for a corner lot, $3,000 per front foot, and for an inside lot, $2,500 per front foot. On cross-examination he testified that his opinion was formed by what had been paid for other property in the block, especially a tract of land on Market and Union streets purchased by the Second National Bank, with which he was connected. He also referred to a sale by one Salsberg of property in the locality.

The city then called as its next witness John F. Lee, who had been in the real estate business for thirty-seven years.

He testified that the corner property at Market and Church streets was worth $3,000 a front foot and the inside lot $2,500 a front foot. He based his opinion on the price that property in the immediate vicinity had been sold for.

Mr. Lee was followed by a witness named Sorren P. Hansen, who had been in the real estate business in Paterson for twenty years. He testified to a value of $3,000 for the corner lot and $2,500 for the inside lot. A new hotel has been built in Paterson upon a tract costing less per front foot than the tract under consideration, but the property which is the subject-matter of this proceeding is nearer to the city hall, which is the conceded center of the city, than the hotel property. The witness was of the opinion that the property in question was more valuable than the hotel property.

Jacob Silverman, a real estate dealer of twenty years' experience also testified for the city. He gave the same valuation as the preceding witnesses and based his valuation upon sales which had been made in the vicinity.

After this evidence had been put in by the city, counsel for the land owners moved to dismiss the city's petition on the ground that there was nothing before the board "to indicate the value of this particular piece of property, and how the same was based." This motion was granted. The state board ignored all the testimony offered by the city. No testimony as to the value was put in by the land owners. The amount fixed by the county board of taxation was accepted as the value of the property by the state board of taxes and assessment, and the assessment of the county board of taxation was affirmed.

We are of the opinion that the state board erred in granting the motion made by counsel for the owners. The appeal to the state board was a hearing *de novo*. There was no presumption which was evidential that the valuation fixed by the county board of taxation was the true value of the property. The testimony offered by the witnesses for the city was competent. It should have been considered. It was not. There was no evidence that the property had been exam-

ined by the members of the board. They did not testify. The valuation was fixed by the state board without any evidence to support it. This was error.

While this court has the power to consider evidence and fix a valuation we think it should not be done in this case, as this would foreclose the owners from presenting their testimony as to value. They should not be made to suffer by reason of the action of the state board. The situation is like that of entering improperly a nonsuit. A reversal of the judgment of nonsuit leads to a new trial. In the present proceeding there should be a rehearing of the case before the state board. The judgment of this court is that the assessment fixed by the order of the state board will be set aside and the case remanded to the state board for a rehearing.